Barry H. Berke
Steven S. Sparling
Robin M. Wilcox
KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, New York 10036
(212) 715-9100
*Attorneys for Defendant Michael S. Steinberg*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | 13 Civ. 2082 (HB) |
| Plaintiff, | |
| v. | **ANSWER OF** <br> **MICHAEL S. STEINBERG** |
| MICHAEL S. STEINBERG, | **JURY TRIAL DEMANDED** |
| Defendant. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Michael S. Steinberg, by his attorneys Kramer Levin Naftalis & Frankel LLP, serves and files this non-testimonial Answer to the Complaint of the Securities and Exchange Commission ("Commission") dated March 29, 2013. In providing this unsworn and non-testimonial Answer through undersigned counsel, Mr. Steinberg does not intend to, and does not, waive any privileges in this or any other proceeding, including but not limited to his privilege not to be compelled to be a witness against himself guaranteed to him by the Fifth Amendment to the United States Constitution. Mr. Steinberg reserves the right to assert any such applicable privileges in this or any other proceeding.

This Answer responds to each paragraph of the Complaint as follows:

1.  Denies the allegations of paragraph 1.

2.  Denies knowledge or information sufficient to respond to paragraph 2.

- 2 -

3. Denies knowledge or information sufficient to respond to paragraph 3, except admits that, in 2008, Jesse Tortora ("Tortora") was an analyst at the investment adviser firm Diamondback Capital Management, LLC ("Diamondback").

4. Denies knowledge or information sufficient to respond to paragraph 4, except admits that Jon Horvath ("Horvath") was an analyst who worked with Mr. Steinberg at Sigma Capital Management, LLC ("Sigma Capital").

5. Denies the allegations in paragraph 5, except admits that Sigma Capital Associates, LLC ("Sigma Capital Fund") executed trades in the securities of Dell, Inc. ("Dell") and refers to pertinent trading records for their full and complete content.

6. Denies knowledge or information sufficient to respond to paragraph 6.

7. Denies the allegations in paragraph 7, except admits that Sigma Capital Fund executed trades in the securities of Nvidia Corporation ("Nvidia") and refers to pertinent trading records for their full and complete content.

8. Paragraph 8 states legal conclusions to which no answer is required. To the extent a response is required, denied, except admits that the Commission purports to proceed under the referenced statutory provisions.

9. Paragraph 9 states legal conclusions to which no answer is required. To the extent a response is required, denied, except admits that the Commission purports to proceed under the referenced statutory provisions.

10. Paragraph 10 states legal conclusions to which no answer is required. To the extent that an answer is required, denies knowledge or information sufficient to respond to paragraph 10, except admits that Mr. Steinberg resided and worked in New York, New York

during the period relevant to the Commission's complaint and that the Commission purports to proceed under the referenced statutory provisions.

11. Denies the allegations of paragraph 11, except admits that Mr. Steinberg is 41 years old; resides in New York, New York; worked as a portfolio manager at Sigma Capital during the period relevant to the Commission's complaint; and previously held Series 7 and 63 licenses, and refers to the records of Sigma Capital regarding the size of the portfolio that Mr. Steinberg managed during the relevant period.

12. Denies knowledge or information sufficient to respond to the allegations of paragraph 12, except admits that Dell is a corporation that develops and sells computers and related products and services, and that Dell's stock is traded on the NASDAQ under the symbol "DELL."

13. Denies knowledge or information sufficient to respond to the allegations of paragraph 13, except admits that Diamondback employed Tortora.

14. Denies knowledge or information sufficient to respond to the allegations of paragraph 14.

15. Denies knowledge or information sufficient to respond to the allegations of paragraph 15, except admits that Horvath was employed as a research analyst at Sigma Capital and worked with Mr. Steinberg.

16. Denies knowledge or information sufficient to respond to the allegations of paragraph 16.

17. Denies knowledge or information sufficient to respond to the allegations of paragraph 17.

KL3 2925361.7

18. Denies knowledge or information sufficient to respond to the allegations of paragraph 18, except admits that Nvidia is a corporation that develops and sells graphics processors and that Nvidia's stock is traded on the NASDAQ under the symbol "NVDA."

19. Denies the allegations of paragraph 19, except admits that Sigma Capital is an investment advisory firm in New York, New York and refers to pertinent corporate records for their full and complete content.

20. Denies the allegations of paragraph 20.

21. Denies the allegations of paragraph 21.

22. Denies knowledge or information sufficient to respond to the allegations of paragraph 22, except admits that Tortora worked as an analyst at Diamondback.

23. Denies knowledge or information sufficient to respond to the allegations of paragraph 23.

24. Denies knowledge or information sufficient to respond to the allegations of paragraph 24.

25. Denies knowledge or information sufficient to respond to the allegations of paragraph 25.

26. Denies knowledge or information sufficient to respond to the allegations of paragraph 26.

27. Denies knowledge or information sufficient to respond to the allegations of paragraph 27.

28. Denies knowledge or information sufficient to respond to the allegations of paragraph 28.

KL3 2925361.7

- 5 -

29. Denies knowledge or information sufficient to respond to the allegations of paragraph 29.

30. Denies knowledge or information sufficient to respond to the allegations of paragraph 30.

31. Denies the allegations of paragraph 31.

32. Denies the allegations of paragraph 32, except admits that Sigma Capital Fund executed trades in the securities of Dell and refers to pertinent trading records for their full and complete content.

33. Denies knowledge or information sufficient to respond to the allegations of paragraph 33.

34. Denies knowledge or information sufficient to respond to the allegations of paragraph 34.

35. Denies knowledge or information sufficient to respond to the allegations of paragraph 35.

36. Denies knowledge or information sufficient to respond to the allegations of paragraph 36.

37. Denies the allegations of paragraph 37, and refers to the referenced documents for their full and complete content.

38. Denies knowledge or information sufficient to respond to the allegations of paragraph 38, except admits that Sigma Capital Fund executed trades involving the securities of Dell and refers to pertinent trading records for their full and complete content.

39. Denies knowledge or information sufficient to respond to the allegations of paragraph 39.

KL3 2925361.7

40. Denies knowledge or information sufficient to respond to the allegations of paragraph 40.

41. Denies knowledge or information sufficient to respond to the allegations of paragraph 41.

42. Denies the allegations of paragraph 42, except admits that Sigma Capital Fund executed trades involving the securities of Dell and refers to pertinent trading records for their full and complete content.

43. Denies knowledge or information sufficient to respond to the allegations of paragraph 43, and refers to the May 29, 2008 announcement by Dell and the publicly reported stock prices for Dell's stock on May 29 and 30, 2008 for their full and complete content.

44. Denies knowledge or information sufficient to respond to the allegations of paragraph 44, except admits that Sigma Capital Fund executed trades involving the securities of Dell and refers to pertinent trading records for their full and complete content.

45. Denies knowledge or information sufficient to respond to the allegations of paragraph 45.

46. Denies knowledge or information sufficient to respond to the allegations stated in the first sentence of paragraph 46, and denies the allegations stated in the second sentence of paragraph 46.

47. Denies knowledge or information sufficient to respond to the allegations of paragraph 47.

48. Denies knowledge or information sufficient to respond to the allegations of paragraph 48.

49. Denies knowledge or information sufficient to respond to the allegations of paragraph 49.

50. Denies knowledge or information sufficient to respond to the allegations of paragraph 50.

51. Denies knowledge or information sufficient to respond to the allegations of paragraph 51.

52. Denies knowledge or information sufficient to respond to the allegations of paragraph 52.

53. Denies knowledge or information sufficient to respond to the allegations of paragraph 44, except admits that Sigma Capital Fund executed trades involving the securities of Dell and refers to pertinent trading records for their full and complete content.

54. Denies knowledge or information sufficient to respond to the allegations of paragraph 54.

55. Denies knowledge or information sufficient to respond to the allegations of paragraph 55.

56. Denies knowledge or information sufficient to respond to the allegations of paragraph 56, and refers to the referenced document for its full and complete content.

57. Denies knowledge or information sufficient to respond to the allegations of paragraph 57.

58. Denies knowledge or information sufficient to respond to the allegations of paragraph 58, and refers to the August 28, 2008 announcement by Dell and the publicly reported stock prices for Dell's stock on August 28 and 29, 2008 for their full and complete content.

59. Denies knowledge or information sufficient to respond to the allegations of paragraph 59, except admits that Sigma Capital Fund executed trades involving the securities of Dell and refers to pertinent trading records for their full and complete content.

60. Denies knowledge or information sufficient to respond to the allegations of paragraph 60, and refers to the August 27, 2009 announcement by Dell for its full and complete content.

61. Denies knowledge or information sufficient to respond to the allegations of paragraph 61, except denies the allegations stated in the second sentence of paragraph 61.

62. Denies knowledge or information sufficient to respond to the allegations of paragraph 62, except admits that Sigma Capital Fund executed trades involving the securities of Dell and refers to pertinent trading records for their full and complete content.

63. Denies the allegations of paragraph 63.

64. Denies knowledge or information sufficient to respond to the allegations of paragraph 64, and refers to the August 27, 2009 announcement by Dell and the publicly reported stock prices for Dell's stock on August 26 and 27, 2009 for their full and complete content.

65. Denies the allegations of paragraph 65, except admits that Sigma Capital Fund executed trades involving the securities of Dell and refers to pertinent trading records for their full and complete content.

66. Denies knowledge or information sufficient to respond to the allegations of paragraph 66.

67. Denies knowledge or information sufficient to respond to the allegations of paragraph 67.

- 9 -

68. Denies knowledge or information sufficient to respond to the allegations of paragraph 68.

69. Denies knowledge or information sufficient to respond to the allegations of paragraph 69.

70. Denies knowledge or information sufficient to respond to the allegations of paragraph 70.

71. Denies knowledge or information sufficient to respond to the allegations of paragraph 71.

72. Denies knowledge or information sufficient to respond to the allegations stated in the first sentence of paragraph 72.  Denies the allegations stated in the second and third sentences of paragraph 72.

73. Denies knowledge or information sufficient to respond to the allegations of paragraph 73.

74. Denies knowledge or information sufficient to respond to the allegations of paragraph 74, except admits that Sigma Capital Fund executed trades involving the securities of Nvidia and refers to pertinent trading records and the referenced document for their full and complete content.

75. Denies knowledge or information sufficient to respond to the allegations of paragraph 75.

76. Denies knowledge or information sufficient to respond to the allegations of paragraph 76, except admits that Sigma Capital Fund executed trades involving the securities of Nvidia and refers to pertinent trading records for their full and complete content.

77. Denies knowledge or information sufficient to respond to the allegations of paragraph 77, and refers to the May 7, 2009 press release by Nvidia and the publicly reported stock prices for Nvidia's stock for May 7 and 8, 2009 for their full and complete content.

78. Denies the allegations of paragraph 78.

### WITH RESPECT TO CLAIM I

79. Repeats his responses to paragraphs 1-78.

80. Denies the allegations of paragraph 80.

81. Denies the allegations of paragraph 81.

82. Denies the allegations of paragraph 82.

83. Denies the allegations of paragraph 83.

84. Denies the allegations of paragraph 84.

85. Denies the allegations of paragraph 85.

86. Denies the allegations of paragraph 86.

87. Denies the allegations of paragraph 87.

### WITH RESPECT TO CLAIM II

88. Repeats his responses to paragraphs 1-87.

89. Denies the allegations of paragraph 89.

### WITH RESPECT TO CLAIM III

90. Repeats his responses to paragraphs 1-87.

91. Denies the allegations of paragraph 91.

92. Denies the allegations of paragraph 92.

## RELIEF SOUGHT

The relief sought by the Commission does not contain allegations that require a response from Mr. Steinberg.  However, Mr. Steinberg denies that the relief sought is appropriate or available.

To the extent any allegation in the Complaint is not admitted herein, it is denied.

## AFFIRMATIVE DEFENSES

Without in any way admitting any of the allegations of the Complaint and without admitting or suggesting that Mr. Steinberg has the burden of proof on any of the following issues, Mr. Steinberg alleges the following separate and independent affirmative defenses.

### FIRST AFFIRMATIVE DEFENSE

1.  The Complaint fails to state a claim on which relief can be granted against Mr. Steinberg.

### SECOND AFFIRMATIVE DEFENSE

2.  The Complaint fails to allege fraud with particularity as required by Fed. R. Civ. P. 9(b).

### THIRD AFFIRMATIVE DEFENSE

3.  The Complaint fails to allege scienter with particularity.

### FOURTH AFFIRMATIVE DEFENSE

4.  Mr. Steinberg acted at all times in good faith, and without knowledge of, reckless disregard for, or intent to engage in any supposed wrongdoing.

### FIFTH AFFIRMATIVE DEFENSE

5.  The Commission is not entitled to the relief it seeks.

- 12 -

### SIXTH AFFIRMATIVE DEFENSE

6. Mr. Steinberg did not himself engage in any unlawful conduct, and Mr. Steinberg is not liable for any unlawful acts that may have been committed by others.

### SEVENTH AFFIRMATIVE DEFENSE

7. The alleged damages, if any, proximately resulted from the conduct of parties, persons and/or entities other than Mr. Steinberg, and therefore he should have no liability or his liability, if any, should be limited in direct proportion to the percentage of fault actually attributable to him.

### EIGHTH AFFIRMATIVE DEFENSE

8. The Commission's claims are barred, in whole or in part, by the doctrine of laches.

### NINTH AFFIRMATIVE DEFENSE

9. The Commission's claims are barred, in whole or in part, by the applicable statute of limitations.

### TENTH AFFIRMATIVE DEFENSE

10. The Commission's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

### ELEVENTH AFFIRMATIVE DEFENSE

11. Equitable relief requested by the Commission is unavailable, in whole or in part, because the alleged conduct occurred wholly in the past and is unlikely to be repeated.

### TWELFTH AFFIRMATIVE DEFENSE

12. Disgorgement requested by the Commission is unavailable, in whole or in part, because the Commission has already obtained disgorgement related to the alleged conduct from other persons or entities.

KL3 2925361.7

## THIRTEENTH AFFIRMATIVE DEFENSE

13. Mr. Steinberg asserts all other affirmative defenses as may be revealed in the course of this action.

## JURY DEMAND

Mr. Steinberg hereby demands a jury on all issues so triable.

WHEREFORE, Mr. Steinberg respectfully requests that this Court enter a judgment dismissing the Complaint with prejudice, and granting to Mr. Steinberg such other and further relief as the Court deems just and proper.

Dated: New York, New York
June 10, 2013

KRAMER LEVIN NAFTALIS & FRANKEL LLP

By: /s/ Barry H. Berke
Barry H. Berke
Steven S. Sparling
Robin M. Wilcox
1177 Avenue of the Americas
New York, New York 10036
(212) 715-9100 (phone)
(212) 715-8000 (fax)
bberke@kramerlevin.com
ssparling@kramerlevin.com
rwilcox@kramerlevin.com

*Attorneys for Defendant Michael S. Steinberg*