UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | | ECF Case |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : | |
| Plaintiff, | : | No. 13 Civ. 2082 (HB) |
| -against- | : | |
| MICHAEL STEINBERG, | : | |
| Defendant, | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | x | |

**GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT OF ITS APPLICATION TO INTERVENE AND FOR A LIMITED STAY OF DISCOVERY**

PREET BHARARA
United States Attorney for the
Southern District of New York
Attorney for the United States
of America.

ANTONIA M. APPS
Assistant United States Attorney
*- Of Counsel -*

## PRELIMINARY STATEMENT

The United States of America, by and through the United States Attorney for the Southern District of New York ("the Government"), respectfully submits this memorandum in support of its application (i) to intervene in the above-captioned case, pursuant to Rule 24 of the Federal Rules of Civil Procedure, and (ii) to stay deposition and interrogatory discovery until the conclusion of the trial in the parallel criminal case, United States v. Michael Steinberg, S4 12 Cr. 121 (RJS), currently scheduled to commence on November 18, 2013. The Securities and Exchange Commission ("SEC") does not oppose this motion. Defendant Michael Steinberg opposes the Government's motion to intervene pursuant Rule 24(a) but not pursuant to Rule 24(b), and opposes the Governments motion for a limited stay of discovery.

## BACKGROUND

This case, and the parallel criminal action, arise out of the same set of facts that formed the basis for the charges in the related cases of S.E.C. v. Adondakis, et al., 12 Civ. 409 (HB) ("Adondakis"), and United States v. Todd Newman, et al., 12 Cr. 121 (RJS). Michael Steinberg, like defendants Todd Newman and Anthony Chiasson, who were convicted after a trial in the criminal case, was a hedge fund portfolio manager who obtained Inside Information through a corrupt network of analysts at different hedge funds in New York and elsewhere. Steinberg's research analyst, Jon Horvath, exchanged inside information with Jesse Tortora and Sam Adondakis – the analysts for Newman and Chiasson – and Horvath provided the Inside Information he received from this circle of analysts to Steinberg. Horvath, who was named as a defendant and coconspirator in the same Indictment that charged Newman and Chiasson, pled guilty pursuant to a cooperation agreement approximately six weeks before the criminal trial. Horvath is expected to testify at Steinberg's criminal trial as a cooperating witness.

On March 28, 2013, a Grand Jury in the Southern District of New York returned Indictment, S4 12 Cr. 121 (RJS) (the "Steinberg Indictment"), charging Steinberg with one count of conspiracy to commit securities fraud, in violation of Title 18, United States Code, Section 371, and four counts of securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, Title 17, Code of Federal Regulations, Section 240.10b-5, and Title 18, United States Code, Section 2. Steinberg was arrested on March 29, 2013.

The Steinberg Indictment alleges that Steinberg obtained Inside Information from Horvath, who, in turn, obtained the information directly and indirectly from public company employees both through the network of analysts who worked at different hedge funds, and from his own sources. Like the Indictment charging Newman and Chiasson, the Steinberg Indictment alleges that Steinberg traded on Inside Information concerning Dell's and NVIDIA's earnings numbers in advance of certain quarterly announcements in 2008 and 2009. Horvath received the Dell Inside Information through Jesse Tortora (Newman's analyst) and the NVIDIA information through another analyst in the circle of analysts, Danny Kuo. The Steinberg Indictment alleges that Steinberg's illegal trades resulted in approximately $1.4 million in profits for his hedge fund.

The same day that Steinberg was arrested, the SEC filed the complaint in the instant case. The SEC complaint is based upon the same insider trading scheme and involves the same individual coconspirators and entities that are set forth in the Steinberg Indictment. Thus, the SEC complaint alleges that Steinberg traded on Dell Inside Information in May and August 2008 and August 2009, based on Inside Information that Horvath received from Tortora.[1]

---

1. The Steinberg Indictment sets forth a substantive charge in securities fraud with respect to the August 2008 quarter only; however, the Government has provided a Bill of Particulars to the defendant in the criminal case which alleges that Steinberg also traded in Dell based on Inside

Additionally, the SEC complaint alleges that Steinberg traded in NVIDIA stock in May 2009 based on Inside Information Horvath received from Kuo.

The Honorable Richard J. Sullivan, who is presiding over the criminal case, has set a trial date of November 18, 2013. The criminal trial is expected to last two to four weeks.

**ARGUMENT**

As this Court previously recognized in Adondakis, a defendant should not be permitted to use an SEC action as simply a means to obtain "information to be used in the criminal trial." See Adondakis, Order, 12 Civ. 409 (HB) (May 21, 2012). Moreover, the limited stay sought by the Government here is even more compelling in this case than in Adondakis, because Steinberg already has the benefit of the witnesses' prior statements through the trial testimony in the Newman criminal case, which the Government has provided to Steinberg in Rule 16 discovery. Additionally, the stay requested here is even shorter than the stay requested in Adondakis – it is a mere five months until the end of Steinberg's criminal trial – and the parties' proposed scheduling order has a discovery cut-off of February 2014, and a trial date in June 2014, which provides ample time for depositions *after* the conclusion of the criminal trial. Thus, the Government's request for a limited stay results in no prejudice to the parties in the civil case, and avoids the inevitable prejudice that will occur in the criminal case should the defendant be permitted to proceed with discovery to which he otherwise would not be entitled. As this Court previously acknowledged in Adondakis, "criminal cases . . . take precedence over civil cases," see Order (June 21, 2012); accordingly, the Government's request should be granted.

---

Information in other quarters in 2008 and 2009.

## I. THE GOVERNMENT SHOULD BE GRANTED PERMISSION TO INTERVENE

Under Rule 24(a)(2) of the Federal Rules of Civil Procedure, anyone may intervene as of right in an action when the applicant "claims an interest relating to the property or transaction which is the subject of the action" and the applicant is so situated that "disposing of the action may as a practical matter impair or impede the movant's ability to protect its interests. . . ." Alternatively, Rule 24(b)(2) provides for permissive intervention when the movant "has a claim or defense that shares with the main action a common question of law or fact." The Government respectfully submits that its application satisfies both of these provisions.

As a general rule, courts "have allowed the government to intervene in civil actions – especially when the government wishes to do so for the limited purpose of moving to stay discovery." Twenty First Century Corp. v. LaBianca, 801 F. Supp. 1007, 1009 (E.D.N.Y. 1992); see also SEC v. Credit Bancorp., 297 F.3d 127, 130 (2d Cir. 2002). The Government has a "discernible interest in intervening in order to prevent discovery in a civil case from being used to circumvent the more limited scope of discovery in the criminal matter." SEC v. Chestman, 861 F.2d 49, 50 (2d Cir. 1988). Indeed, this Court previously granted the Government's motion to intervene in Adondakis.

## II. A LIMITED STAY OF DISCOVERY IS APPROPRIATE

This Court has the inherent power to stay discovery in the interests of justice pending the completion of the parallel criminal trial. Kashi v. Gratsos, 790 F.2d 1050, 1057 (2d Cir. 1986) ("[A] court may decide in its discretion to stay civil proceedings . . . when the interests of justice seem . . . to require such action.") (internal citations and quotations omitted). When considering whether to grant a stay, courts balance the following factors:

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interest of the court; and (6) the public interest.

S.E.C. v. Treadway, No. 04 Civ. 3464(VM)(JCF), 2005 WL 713826, at *2-*3 (S.D.N.Y. March 30, 2005) (quoting In re Worldcom, Inc. Secur. Litig., Nos. 02 Civ. 3288, 02 Civ. 4816, 2002 WL 31729501, at *4 (S.D.N.Y. Dec. 5, 2002))); see also Volmar Distrib., Inc. v. New York Post Co., Inc., 152 F.R.D. 36, 39 (S.D.N.Y. 1993) (listing similar factors). "Balancing these factors is a case-by-case determination." Volmar Distrib, 152 F.R.D. at 39. An analysis of these factors in this case weighs in favor of granting the limited stay of discovery sought by the Government.

**A. The Extent of Overlap**

The nearly identical issues underlying the criminal and civil cases weighs heavily in favor of a stay. "The most important factor at the threshold is the degree to which the civil issues overlap with the criminal issues." Volmar Distrib., Inc., 152 F.R.D. at 39, citing Judge Milton Pollack, Parallel Civil and Criminal Proceedings, 129 F.R.D. 201, 203 (S.D.N.Y. 1989); see also Parker v. Dawson, No. 06 Civ. 6191 (JFB), 2007 WL 2462677 (Aug. 27, 2007 E.D.N.Y.) at *4 (same); United States v. One 1964 Cadillac Coupe DeVille, 41 F.R.D. 352, 353 (S.D.N.Y. 1966) ("where both civil and criminal proceedings arise out of the same or related transactions the government is ordinarily entitled to a stay of all discovery in the civil case until disposition of the criminal matter").

B. **Status of the Criminal Case**

The return of an Indictment in the criminal case is also a factor that weighs in favor of a stay. In re Par Pharm, Inc. Sec. Litig., 133 F.R.D. 12, 13 (S.D.N.Y. 1990) ("The weight of authority in this Circuit indicates that courts will stay a civil proceeding when the criminal investigation has ripened into an indictment."); Trustees of Plumbers and Pipefitters Nat'l Pension Fund, et al. v. Transworld Mechanical, Inc., 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995) ("A stay of a civil case is most appropriate when a party to the civil case has already been indicted for the same conduct for two reasons: first, the likelihood that a defendant may make incriminating statements is greatest after an indictment has issued, and second, the prejudice to the plaintiffs in the civil case is reduced since the criminal case will likely be quickly resolved.")

Not only has an indictment been returned against Steinberg, but the criminal trial has already been scheduled. Accordingly, the criminal case is on track to be resolved expeditiously and on a timetable that will not interfere with the civil case. Thus, this factor weighs in favor of a stay.

C. **Prejudice to the Parties**

No prejudice to the parties will result from the limited stay sought by the Government. The Government seeks to stay only deposition and interrogatory discovery, and for a limited period of time, during which time document discovery can proceed.

Moreover, a limited stay of depositions and interrogatories would achieve a fair and even-handed approach to discovery in the civil case given the fact that Steinberg would undoubtedly be forced to invoke the Fifth Amendment if he were noticed for a deposition prior to the criminal trial. Defendants in parallel criminal cases typically have an interest in not being

deposed because if they assert their Fifth Amendment privilege, an adverse inference may be drawn against them in the civil case. See Baxter v. Palmigiano, 425 U.S. 308, 318 (1976) (Fifth Amendment does not forbid adverse inferences against parties to civil actions). As one district court recently noted, "[t]he specter of parties and witnesses invoking their Fifth Amendment rights would render discovery largely one-sided; the SEC would produce scores of documents and witness testimony only to be precluded from gathering reciprocal discovery from the defendants." SEC v. Nicholas, 569 F.Supp.2d. 1065, 1070 (C.D.Cal. 2008). See also SEC v. Saad, 229 F.R.D. 90, 91 (S.D.N.Y. 2006) (JSR) (noting that in a prior civil case, SEC v. The Oakford Corporation, 181 F.R.D. 269 (S.D.N.Y. 1998) (JSR), Judge Rakoff had stayed deposition discovery because there was a high likelihood that invocations of the Fifth Amendment privilege would "play havoc with the orderly conduct" of the depositions, but Judge Rakoff allowed depositions to proceed in Saad because none of the defendants were going to invoke the Fifth Amendment privilege). Accordingly, this factor weighs in favor of the stay.

**D. The Public Interest**

As this Court has previously recognized, moving ahead with deposition discovery prejudices the Government in a parallel criminal case. See Adondakis, Order (May 21 2012) ¶ 8 (noting that there was no reason to "prejudice the government [with deposition discovery] if the defendants are not ready to move the case ahead."). The Government and the public have an important interest in ensuring that civil discovery is not used to circumvent the restrictions that pertain to criminal discovery. Rule 16 of the Federal Rules of Criminal Procedure expressly limits the documents that are subject to discovery in a criminal case and further states that it does not "authorize the discovery . . . of statements made by government witnesses or prospective

government witnesses except as provided in 18 U.S.C. § 3500." Fed. R. Crim. P. 16(a)(2). Title 18, United States Code, Section 3500 provides that in criminal cases, the statements of Government witnesses – such as witness testimony taken by the SEC – shall not be "the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." The public policy against premature disclosure of the Government's criminal case is so strong that courts are without power to order early production of witness statements. See United States v. Taylor, 802 F.2d 1108, 1117-18 (9th Cir. 1986). Moreover, except under "exceptional circumstances" and pursuant to court order, the criminal rules do not provide either for depositions as a means of discovery. See In re Ahead By A Length, Inc., 78 B.R. 708, 711 (S.D.N.Y. 1987); Fed. R. Crim. P. 15.

Courts repeatedly have recognized that a civil litigant should not be allowed to use civil discovery to avoid the restrictions that would otherwise pertain in criminal discovery to a criminal defendant.[2] This Court reached the same conclusion when it initially determined that it

---

2. See SEC v. Beacon Hill Asset Management LLC, No. 02 Civ. 8855 (LAK), 2003 WL 554618, at *1 (S.D.N.Y. Feb. 27, 2003) (in context of request for civil stay of discovery due to pending criminal investigation, "[t]he principal concern with respect to prejudicing the government's criminal investigation is that its targets might abuse civil discovery to circumvent limitations on discovery in criminal cases") (Kaplan, J.); Phillip Morris Inc. v. Heinrich, No. 95 Civ. 328 (LMM), 1996 WL 363156, at *19 (S.D.N.Y. June 28, 1996) (without stay, defendants "may have an opportunity to gain evidence to which they are not entitled under criminal discovery rules");; Governor of the Fed'l Reserve System v. Pharaon, 140 F.R.D. 634, 639 (S.D.N.Y. 1991) ("A litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid the restrictions on criminal discovery and thereby obtain documents he would not otherwise be entitled to for use in his criminal trial") (quoting Campbell v. Eastland, 307 F.2d 478, 487 (5th Cir, 1952)); Downe, 1993 WL 22126 at *12-13 (same); United States v. Any and All Assets of That Certain Business Known As Shane Company, 147 F.R.D. at 99, 101-102 (M.D.N.C. 1993) (granting stay in civil cases pending grand jury investigation because "the same evidentiary material likely will be involved" in both matters, and thus discovery "could interfere with the government's criminal investigation"); In re Ivan F. Boesky Securities Litig., 128 F.R.D. 47, 49 (S.D.N.Y. 1989) ("the public interest in the

would grant the Government's request for a stay in Adondakis:

> The reason for [staying deposition discovery until after the criminal trial] is simply that there is no reason to prejudice the government if the defendants are not ready to move the case ahead so as to "vindicate" their clients even after the criminal case, which seems unlikely should there be a conviction, and in any event 8-9 months seems [a] reasonable amount of time to prepare the case for trial. Otherwise, it seems clear that the defendants are simply looking for information to be used in the criminal trial to say nothing of prior inconsistent statements.

Adondakis, Order (May 21, 2012) at ¶ 8.

Here, the parties are requesting a trial date in June 2014, and a cut-off of discovery in February 2014, which allows the parties plenty of time to conduct such depositions as may be necessary after the criminal trial, which is expected to end in early to mid-December. In Adondakis, after the Court issued the ruling set forth above, the defendants suddenly decided that they wanted an earlier date for the civil trial, reserving for themselves the right to ask the judge to postpone the trial at the conclusion of the criminal trial. Perhaps sensing that this was a tactical maneuver to get access to depositions for purposes of the criminal trial, this Court then issued an Order stating that deposition and interrogatory discovery could begin on September 1, 2012, except with respect to those depositions and/or interrogatories to which the United States Attorney's Office ("USAO") objected, and with respect to which the Court concurred with the USAO's objection. Ultimately, the defendants in Adondakis were permitted to depose three witnesses who were not called as witnesses at the criminal trial by *either party*. Ultimately, the defendants sought no further discovery after their convictions in the criminal trial, and, accordingly, this Court's rulings staying deposition discovery to which the Government objected

---

criminal case is entitled to precedence over the civil litigant").

not only preserved the integrity of the criminal process and caused no prejudice to the parties, but it also served the interests of judicial efficiency.

Two other recent cases addressing discovery in parallel actions support the Government's position. In United States v. Chakrapani, 2010 WL 2605819 (S.D.N.Y. June 29, 2010), the SEC filed a parallel civil case at the same time the Government filed a criminal complaint, but the Government later dismissed the complaint against one of the defendants (Chakrapani) while proceeding against the remaining defendants (including defendant Joseph Contorinis). The Government intervened to seek a stay of all discovery pending resolution of the criminal action. The District Court initially denied the stay, primarily because Chakrapani was not a party to the criminal proceedings and would be prejudiced by a stay of the civil proceedings for the duration of the criminal case. The SEC later dismissed the case against Chakrapani "without prejudice," and the Government renewed its application to stay discovery. The District Court again denied the stay but with the following caveat: "Of course, if Contorinis or other relevant witnesses invoke their Fifth Amendment privileges not to participate in civil discovery, the Court's analysis regarding the propriety of a discovery stay might well be altered." 2010 WL 2605829, at *11. Ultimately, no depositions were held in the SEC case prior to the criminal trial (presumably because the defendant did not want to be deposed).

In SEC v. Rajat Gupta, 11 Civ. 7566 (JSR), 2011 WL 5977579 (S.D.N.Y. Nov. 30, 2011), the SEC and the Government moved to stay deposition discovery in the parallel SEC case pending resolution of the criminal trial. At the time of the motion, the criminal trial was set by Judge Rakoff for April 9, 2012, and Judge Rakoff also set "a firm trial date of October 1, 2012" for the SEC trial. Id. at *2. Defense counsel argued that they could not possibly complete

discovery in time for summary judgment motions if deposition discovery waited until after the completion of the criminal trial, because the Court had set the SEC trial immediately after the criminal trial. Judge Rakoff held that depositions in the parallel civil action should only be allowed where the deponents were "persons the Government has indicated ***it is unlikely to call as witnesses*** at the forthcoming criminal trial." SEC v. Rajat Gupta, 11 Civ. 7566 (JSR), 2011 WL 5977579, *1 (S.D.N.Y. Nov. 30, 2011) (emphasis added). Here, unlike in Gupta, the parties are not seeking trial immediately after the criminal case, and, accordingly, the balance of interests weigh in favor of the Government's limited request for a stay, because the parties will have sufficient time to take depositions after the conclusion of the criminal trial.

**E. The Interests of the Courts**

Considerations of judicial economy also weigh in favor of granting a stay. As happened in the related Adondakis case, issues common to both cases can be resolved in the criminal proceeding, thereby simplifying the civil action. See also SEC v. Contorinis, 2012 WL 512626 (S.D.N.Y. Feb. 3, 2012) ("Courts in this district have consistently found that a defendant convicted of securities fraud in a criminal proceeding is collaterally estopped from relitigating the underlying facts in a subsequent civil proceeding."); Twenty First Century Corp. v. LaBianca, 801 F. Supp. 1007 (recognizing judicial economy as a factor to be considered).

## CONCLUSION

In sum, in light of the limited nature of the stay requested by the Government, the lack of prejudice to the parties because the stay will be for a short period of time, the fact that the limited stay will not interfere with the timetable proposed by the parties in the civil case, and the strong public interest in preventing the civil discovery rules from being subverted into a device for improperly obtaining discovery in the criminal proceedings – a public interest that this Court has previously recognized – the Government respectfully requests that its motion for a limited stay of deposition and interrogatory discovery should be granted.

Dated: New York, New York
June 26, 2013

Respectfully submitted,

PREET BHARARA
United States Attorney
Southern District of New York

By: ______________________
Antonia M. Apps
Assistant United States Attorney
Telephone: (212) 637-2198