KRAMER LEVIN NAFTALIS & FRANKEL LLP

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/22/14

BARRY H. BERKE
PARTNER
PHONE 212-715-7560
FAX 212-715-7660
BBERKE@KRAMERLEVIN.COM

December 22, 2014

*Request granted. The case will remain stayed until the end of the appellate proceeding. SO ORDERED.*

*12/22/14  Shira A. Scheindlin, USDJ*

VIA ECF

The Honorable Shira A. Scheindlin
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, New York 10007

Re:  *SEC v. Michael S. Steinberg*, No. 13 Civ. 2082 (SAS)

Dear Judge Scheindlin:

We represent defendant Michael S. Steinberg in the above-referenced action. We write to update the Court as to recent developments that relate to the status of this case.

At a conference held on September 11, 2014, this Court continued the stay of proceedings that Judge Harold Baer, Jr. imposed pending the disposition of *United States v. Newman*, Nos. 13-1837-cr(L) (2d Cir.) and *United States v. Newman (Chiasson)*, No. 13-1917-cr(con) (2d Cir.) (collectively, "*Newman/Chiasson*"). (Docket No. 30). As the Court is likely aware, the Second Circuit issued an opinion in *Newman/Chiasson* last week and ordered that the defendant-appellants' convictions be reversed and the indictments against them be dismissed with prejudice.[1] Specifically, the Court held that "in order to sustain a conviction for insider trading, the Government must prove beyond a reasonable doubt that the tippee knew that an insider disclosed confidential information *and* that he did so in exchange for a personal benefit" and found that the District Court's jury instruction to the contrary was erroneous. The Court further held that (1) the evidence was insufficient to show "that the corporate insiders received any personal benefit in exchange for their tips," and without that underlying tipper liability there could be no derivative tippee liability and (2) there was no evidence that the defendants knew that they were trading on information obtained from insiders who had provided that information in exchange for a benefit.

---

[1]  A copy of the Second Circuit's opinion is attached to this letter as Exhibit A.

1177 AVENUE OF THE AMERICAS  NEW YORK NY 10036-2714  PHONE 212.715.9100  FAX 212.715.8000
990 MARSH ROAD  MENLO PARK CA 94025-1949  PHONE 650.752.1700  FAX 650.752.1800
47 AVENUE HOCHE  75008 PARIS FRANCE  PHONE (33-1) 44 09 46 00  FAX (33-1) 44 09 46 01
WWW.KRAMERLEVIN.COM

KL3 2999282.3

KRAMER LEVIN NAFTALIS & FRANKEL LLP
The Honorable Shira A. Scheindlin
December 22, 2014
Page 2

   Because of the substantial legal and factual overlap between the *Newman/Chiasson* and *Steinberg* cases, Mr. Steinberg will be entitled to the same relief as Messrs. Newman and Chiasson (*i.e.*, reversal of his conviction and dismissal of the indictment with prejudice), unless the panel's decision is vacated or modified in the event the government seeks and is granted further review. For that reason, Mr. Steinberg, without opposition from the government, moved the Second Circuit last week to hold his appeal in abeyance until (1) the U.S. Attorney's Office decides whether to petition for rehearing, rehearing *en banc* and/or *certiorari* in *Newman/Chiasson* and (2) any such petitions are finally decided.[2]

   Given the status of the *Newman/Chiasson* appeal and its impact on Mr. Steinberg's conviction, we respectfully request that this case remain stayed until the final resolution of the *Newman/Chiasson* and *Steinberg* appeals. Plaintiff United States Securities and Exchange Commission, by Senior Counsel Daniel R. Marcus, consents to this request.

   The parties are available for a conference should the Court have any questions or require additional information.

   Thank you for your consideration.

            Respectfully submitted,

            /s/ Barry H. Berke
            Barry H. Berke

cc: Daniel R. Marcus, Esq. (by ECF)
   Justin P. Smith, Esq. (by ECF)

---

[2] A copy of Mr. Steinberg's motion without exhibits is attached to this letter as Exhibit B.